IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**THOMAS A. BERCHIOLLY,**

               **Petitioner,**

    v.                                CASE NO. 05-3435-RDR

**DUKE TERRELL, et al.,**

               **Respondents.**

## ORDER

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2241. Having reviewed the record which includes respondents' answer and return and petitioner's traverse, the court finds this matter is ready for decision.

Background

Petitioner is serving a sentence imposed by the United States District Court in the Northern District of Illinois on convictions of conspiracy to distribute cocaine and possession with intent to distribute cocaine. Petitioner's sentence included a two-point enhancement for the possession of a firearm at the time of the criminal acts.

In this habeas action, petitioner alleges error by the Federal Bureau of Prisons's (BOP) determination that petitioner is not eligible for early release under 18 U.S.C. § 3621(e) upon completion of a residential drug abuse treatment program (RDAP). Pursuant to that statute, BOP is allowed to release inmates convicted of

nonviolent offenses up to one year early upon their successful completion of RDAP.  18 U.S.C. § 3621(e)(2)(B).

Petitioner began participation in RDAP on November 30, 2005, after his transfer to the Federal Prison Camp at Leavenworth, Kansas (FPC-LVN), and after his filing of the instant habeas action on November 15, 2005. BOP officials at other facilities had previously advised petitioner that he was eligible for drug treatment programming, but ineligible for the early release provision in § 3621(e) due to the enhancement of his sentence for firearm possession.[1]

Petitioner states he was convicted of two non-violent offenses, and claims the enhancement of his sentence was based upon his co-defendant's possession of a firearm unbeknownst to petitioner. Petitioner thereby contends the enhancement of his sentence serves no valid basis for BOP's determination that petitioner was not eligible for early release pursuant to § 3621(e).  The court does

---

[1] Respondents' answer and return states that petitioner was first interviewed in November 2004 at the Federal Correctional Institution in Pekin, Illinois, regarding his interest in RDAP. Petitioner indicated he could not do RDAP at that time.
  Petitioner was next evaluated for RDAP at Federal Correctional Institution in Waseca, Minnesota (FCI-Waseca), in January 2005. Staff determined petitioner to be ineligible for sentence reduction because he received a two-point sentencing enhancement for possession of a firearm. Petitioner declined to participate further at that time.
  In March 2005 at FCI-Waseca, petitioner agreed to be interviewed for RDAP eligibility, and it was again determined that he was not provisionally eligible for early release. Petitioner began treatment programming, but changed his mind in July 2005 and declined further participation in RDAP.
  Although the petition specifically cites the determination by FCI-Waseca staff of petitioner's ineligibility for early release as the factual basis for his claim, the court liberally construes the pro se pleading as encompassing the same determination by FPC-LVN staff as well.

not agree.

Discussion

Section 3621 provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [residential substance abuse] treatment program may be reduced by [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). To implement § 3621(e)(2)(B), BOP published a regulation which provided in relevant part that an inmate was not eligible for early release if the "inmate's current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3)." 28 C.F.R. § 550.58 (1995). BOP also issued a Program Statement, as amended in 1996, to define a "crime of violence" as including drug offenses involving a sentencing enhancement for possession of a firearm. Program Statement No. 5162.02 (1996). The Tenth Circuit Court of Appeals joined a majority of the circuit courts in finding this regulatory definition of a "crime of violence" for purposes of § 3621(e)(2)(B) to be invalid. Fristoe v. Thompson, 144 F.3d 627 (10th Cir. 1998)(BOP to look only at conviction offense, and not sentencing factors, in determining whether an offender was convicted of a nonviolent offense for purposes of early release eligibility under § 3621(e)(2)(B)).

In 1997 BOP amended 28 C.F.R. § 550.58 to eliminate this definitional approach for excluding eligibility for a prisoner's early release, and to instead rely on the BOP Director's discretion in granting a sentence reduction. The 1997 regulation categorically denied early release eligibility to prisoners whose current offense

is a felony attended by the "the carrying, possession, or use of a firearm." 28 C.F.R. § 550.58(a)(1)(vi)(B). Finding the category of inmates excluded from early release under the 1997 regulation still relied on a sentencing factors to exclude early release eligibility to inmates convicted of nonviolent offenses who received a sentencing enhancement for possession of a firearm, the Tenth Circuit again invalidated the BOP's regulation. Ward v. Booker, 202 F.3d 1249 (10th Cir. 2000).

However, that Tenth Circuit opinion was later undermined and abrogated by the Supreme Court when it upheld the validity of 1997 regulation, finding it was a valid and permissible exercise of the BOP Director's discretion to deny eligibility to inmates convicted of felonies involving the use of a firearm. Lopez v Davis, 531 U.S. 230 (2001). The Court found BOP acted reasonably in determining that possession of a firearm in connection with a felony suggests a readiness to endanger another's life and in categorically excluding those inmates from early release eligibility. Id. at 244.

In light of this history, the court finds petitioner's reliance on Fristoe and like cases involving the 1995 regulation is misplaced because there is nothing in the record to suggest this definitional regulation was never applied to petitioner. Likewise, petitioner's reliance on Ward and like cases as invalidating the 1997 regulation is misplaced because the Supreme Court's decision in Lopez controls.

Moreover, to the extent petitioner seeks an individualized determination of whether the circumstances of his criminal behavior reasonably suggest a readiness to endanger others, the Supreme Court upheld the BOP Director's use of additional early release

4

categorical exclusions in the 1997 regulation, and it specifically rejected the claim that individualized assessments were required. Id. at 243.

Accordingly, the court finds no merit to petitioner's claim of error in BOP's determination that petitioner is ineligible for early release under § 3621(e). Petitioner has no liberty interest protected by the Due Process Clause to a reduced sentence, and the statutory language in § 3621(e) clearly does not mandate such a reduction. Nor does petitioner's full service of the sentence imposed subject him to an atypical or significant hardship for the purpose of establishing a protected liberty interest. *See* Sandin v. Conner, 515 U.S. 472, 484 (1995)(liberty interest arises only if prisoner subjected to "atypical and significant hardship ... in relation to the ordinary incidents of prison life."). The court thus concludes petitioner is entitled to no relief under § 2241.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.

IT IS FURTHER ORDERED that petitioner's motion to compel the court to enter a decision in this matter (Doc. 13) is denied as moot.

DATED: This 5th day of July 2006, at Topeka, Kansas.


       s/ Richard D. Rogers
       RICHARD D. ROGERS
       United States District Judge